IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MATTHEW ADDISON                                                                                          PLAINTIFF

v.                                              Civil No. 6:21-CV-06110

JOHN DOE JAIL DOCTOR, *et. al*.                                                              DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court order and failure to prosecute this case.

### I. BACKGROUND

On July 12, 2021, Plaintiff Terrance William Homan, II, filed a case on his own behalf and on behalf of four other inmates of the Garland County Detention Center. (ECF No. 1). The Prison Litigation Reform Act requires each prisoner who brings a civil action to submit a separate complaint and a separate application to proceed IFP. *See, e.g., Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001). Accordingly, the case was provisionally filed, and separate cases were opened for each named inmate. (ECF No. 3). Mathew Addison was one of those four inmates.

In the provisional filing Order, Plaintiff was given until August 3, 2021, to submit an *in forma pauperis* ("IFP") application and an Amended Complaint asserting only his claims. (*Id*.). Plaintiff was also advised that failure to obey the Order and submit the required documents by the deadline would result in the dismissal of his case. (*Id*.) This Order was not returned as

1

undeliverable. To date, Plaintiff has not filed an IFP application or an Amended Complaint, and has not otherwise communicated with the Court.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **17th day of August 2021**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE